50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norberto HERNANDEZ-OCHOA, Defendant-Appellant.
 No. 94-10356.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Norberto Hernandez-Ochoa appeals his jury conviction for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 846 and possession with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). Hernandez-Ochoa contends that the district court erred in denying his suppression motion because: (1) law enforcement officers arrested him rather than conducting an investigatory stop and (2) even if law enforcement officers conducted an investigatory stop they lacked reasonable suspicion. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 Background
 
 3
 On November 29, 1993, the Tohono O'Odham Police Department received an anonymous call from a resident of the village of Pisinemo, stating that a green four-by-four Ford truck was driving up and down the road, it was not from the village, and it contained two Mexican males. Approximately four minutes later, the same anonymous caller called again and stated that the green truck was headed northbound leading a white sedan, which was also driven by a Mexican male. The village of Pisinemo is on the Tohono O'Odham Nation and is sparsely populated. The village is a restricted area and all non-residents are required to have a permit to be in the area.
 
 
 4
 Both the Tohono O'Odham Police Department and the United States Customs Service sent officers to locate the vehicles. Two Tohono O'Odham police officers found the green truck and the white sedan and followed both vehicles. The police ran checks on both vehicles and discovered that they were registered to non-residents of the Tohono O'Odham Nation. At one point the white sedan passed the green truck. Officers stopped both vehicles at the same time; the white sedan was approximately one mile away from the green truck at the time.
 
 
 5
 Officer Saunders testified at the suppression hearing that he assisted Officer Nez in stopping the white sedan. Officer Nez instructed the driver to place his hands on the steering wheel and to keep them there. Officer Nez took the vehicle keys out of the ignition and set them on top of the vehicle. Officer Saunders saw a spare tire and a jack in the back seat of the vehicle. The driver of the vehicle pointed towards the trunk and said "mota" and "joints." The officers handcuffed the driver of the white sedan and placed him in a patrol car. The officers discovered 322 pounds of marijuana in the trunk.
 
 
 6
 The driver of the white sedan and the two occupants of the green truck were eventually arrested and both vehicles seized. Hernandez-Ochoa was the driver of the green truck. Following the seizure of the green truck, agents examined the truck's tires. Agents matched tracks at the border with the green truck's tires.
 
 
 7
 At the suppression hearing, Julius Anguiano of the United States Customs Service testified that the dispatcher for the Tohono O'Odham Police Department told Agent Anguiano that she believed that the green truck was doing "a heat run" through the village to draw any law enforcement agents away from the white sedan. Agent Anguiano testified that he had been involved in approximately fifty drug cases where vehicles traveled in tandem. Based on his experience, he believed that the green truck would try to deflect law enforcement away from the white sedan.
 
 Arrest or Investigatory Stop
 
 8
 We review the district court's denial of a motion to suppress evidence de novo and the underlying factual findings for clear error. United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993); United States v. Wryn, 952 F.2d 1122, 1123 (9th Cir.1991). A defendant must raise his defenses and objections relating to the suppression of evidence in a pretrial motion. Fed.R.Crim.P. 12(b)(3); United States v. Erwin, 803 F.2d 1505, 1508 n. 1 (9th Cir.1986). A failure to raise a particular ground in support of a motion to suppress evidence constitutes a waiver of the objection. Fed.R.Crim.P. 12(f); United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987) (per curiam); Erwin, 803 F.2d at 1508 n. 1.
 
 
 9
 Hernandez-Ochoa contends that when the law enforcement officers stopped the green truck Hernandez-Ochoa was driving, they exceeded the scope of an investigatory stop. He contends that the surrounding circumstances demonstrated that the officers placed him under arrest. We need not address this issue because Hernandez-Ochoa failed to raise this particular objection in his suppression motion or at the hearing on the suppression motion. See Fed.R.Crim.P. 12(b)(3), (f); Restrepo-Rua, 815 F.2d at 1329. Accordingly, Hernandez-Ochoa has not preserved the issue for appeal. See Fed.R.Crim.P. 12(f); Restrepo-Rua, 815 F.2d at 1329.[1]
 
 Reasonable Suspicion
 
 10
 Hernandez-Ochoa contends that law enforcement officers lacked reasonable suspicion of criminal activity to justify an investigatory stop. This contention lacks merit.
 
 
 11
 Whether law enforcement officers had reasonable suspicion to justify an investigatory stop is a mixed question of law and fact, which we review de novo. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989). Reasonable suspicion exists if the officer is aware of specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person detained is engaged in criminal activity. United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1492 (9th Cir.1994); Hernandez-Alvarado, 891 F.2d at 1416. The facts are to be interpreted from the perspective of an experienced law enforcement officer under the totality of the circumstances. United States v. Alvarez, 899 F.2d 833, 837 (9th Cir.1990), cert. denied, 498 U.S. 1024 (1991); Hernandez-Alvarado, 891 F.2d at 1416. An anonymous tip, which is corroborated by independent police investigation, may exhibit sufficient indicia of reliability to provide reasonable suspicion to conduct an investigatory stop. Alabama v. White, 496 U.S. 325, 330-31 (1990); Alvarez, 899 F.2d at 836-37.
 
 
 12
 Here, under the totality of the circumstances, law enforcement officers had reasonable suspicion of criminal activity to justify an investigatory stop. See White, 496 U.S. at 330-31; Hernandez-Alvarado, 891 F.2d at 1416. The anonymous tipster told the Tohono O'Odham Police that a green truck was driving up and down the road in the village of Pisinemo, that the truck was not from the village, and the truck contained two Mexican males. Subsequently, the tipster called again and told the police that the green truck was driving northbound, leading a white sedan, which was also driven by a Mexican male. The police corroborated this information by locating the vehicles and the drivers that matched these descriptions, determining that the vehicles were in a restricted area, running checks on the vehicles, and determining that the vehicles were registered to non-residents of the Tohono O'Odham Nation. See White, 496 U.S. at 331; Alvarez, 899 F.2d at 837. Moreover, at the suppression hearing law enforcement officers testified that the Tohono O'Odham Police Department stops unfamiliar vehicles on a regular basis to determine whether the drivers are trespassing. See Alvarez, 899 F.2d at 837 (considering perspective of experienced law enforcement officer). Under the totality of the circumstances, the police had reasonable suspicion to conduct an investigatory stop to determine whether both the green truck and the white sedan were trespassing. See Rodriguez-Sanchez, 23 F.3d at 1492; Hernandez-Alvarado, 891 F.2d at 1416.[2]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if Hernandez-Ochoa had preserved this issue for appeal, he relies on erroneous facts to support his contentions; Hernandez-Ochoa relies on the facts surrounding the stop of the white sedan to support his argument that the law enforcement officers exceeded the scope of an investigatory stop when they stopped the green truck Hernandez-Ochoa was driving
 
 
 [2]
 Since the police had reasonable suspicion to conduct an investigatory stop based on possible trespassing, we need not consider whether the police also had reasonable suspicion to conduct an investigatory stop based on narcotics activity