IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40182
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN FERNANDO CHAVEZ-VALENCIA,

Defendant-Appellant.
_____

Appeal from the United States District Court for the
Southern District of Texas, McAllen
_____

June 11, 1997

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Juan Fernando Chavez-Valencia appeals his conviction, contending that certain evidence should have been suppressed at trial. We hold that because Chavez failed to file a pretrial motion to suppress in accordance with Rule 12(b)(3) of the Federal Rules of Civil Procedure, he has waived the point for appeal and we are barred from considering it. Chavez also contends that he received ineffective assistance of counsel. Again he failed to raise the claim at trial. Chavez's conviction is therefore affirmed.

I

Two border patrol agents, who were spending their early morning shift watching for undocumented workers, spotted a Suburban

being driven on a rural road. The agents were approximately 9 miles south and 8 miles west of the Falfurrias, Texas border checkpoint. The agents' suspicions were aroused because the vehicle was driving in the early morning on a road that allows vehicles to bypass the border checkpoint. After the vehicle appeared to stop, the agents drove towards it. The vehicle began to move again, and when it passed the border patrol agents, one agent believed he recognized it from a previous encounter. Although the agents could not see the driver, or determine whether there were any passengers, they pulled over the vehicle. One of the agents recognized the driver, Chavez, and remembered that an arrest warrant for Chavez was outstanding.

The agents brought Chavez to the Falfurrias checkpoint, and a search revealed several items, including a money order and personal notes, that supported the agents' conclusion that Chavez was smuggling people into the United States. This evidence was eventually used to convict Chavez. The agents then returned to inspect the Suburban. In the back of the vehicle was fresh mud and a small bag of women's clothes. After inspecting the vicinity where the Suburban had stopped, they found a fresh set of footprints. A search located five persons. All were foreign nationals illegally in this country. Chavez was convicted of conspiracy to illegally bring foreign nationals into the United States in violation of 18 U.S.C. § 371.

## II

On appeal, Chavez maintains that the border agents did not have probable cause to stop his vehicle, and, therefore, all evidence found as a result of this stop must be suppressed. Chavez, however, failed to raise this claim in a pretrial motion, as required by Fed. R. Crim. P. 12(b)(3) and 12(f). He also failed to raise the issue at anytime during the trial. Nonetheless, Chavez maintains that he may raise his suppression claim for the first time on appeal. The government contends the defendant's failure to raise properly his suppression claim at trial constituted a waiver and bars the issue on appeal.

We find that the plain language of Rules 12(b)(3) and 12(f), the history of the rules relating to motions to suppress, the relevant Fifth Circuit case law and sound policy considerations all dictate that the failure to raise a suppression issue at trial forecloses a defendant from raising the issue for the first time on appeal.

## III

Rule 12(b)(3) requires that motions to suppress evidence "must" be raised before trial.[1]  Rule 12(f) provides that failing to raise a 12(b)(3) motion prior to trial "shall constitute <u>waiver</u> thereof, but the court for cause shown may grant relief from the waiver."[2] Fed. R. Crim. P. 12(f)(emphasis added).

---

[1]Rule 12(b) provides:

(b) Pretrial Motions.  Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion.  Motions may be written or oral at the discretion of the judge.  The following must be raised prior to trial:

(1) Defenses and objections based on defects in the institution of the prosecution;  or

(2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings);  or

(3) Motions to suppress evidence;  or

(4) Requests for discovery under Rule 16; or

(5) Requests for a severance of charges or defendants under Rule 14.

[2]Rule 12(f) provides:

(f) Effect of Failure To Raise Defenses or Objections.

Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

4

We have held that once a right is waived at trial, it may not be resurrected on appeal.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1418 (5th Cir. 1996) (en banc); United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994), cert. denied, 115 S.Ct. 1266 (1995); see also, United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993).  Therefore, if the words used in Rules 12(b)(3) and 12(f), particularly the word "waiver," are to be given their generally accepted meaning, a defendant who fails to present a timely pretrial motion to suppress evidence is foreclosed from raising the issue on appeal.

Normally, our analysis would stop here with the unmistakable language of the rule, except for a sort of definitional paradox. The term waiver ordinarily suggests the intentional relinquishment or abandonment of a known right.  See, e.g., Calverley, 37 F.3d at 162.  Practically speaking, however, a defendant's failure to follow Rule 12 usually is not an intentional abandonment of the right of suppression.  Surely today, we have no basis on the record before us to conclude that such is the case with Chavez. Therefore, in the following pages we carefully examine whether the use of the word "waiver," as applied to motions to suppress in Rule 12, must be interpreted to have its usual legal consequences.  This analysis leads us to the conclusion that a defendant who fails to make a timely suppression motion cannot raise the claim for the first time on appeal.  As we will show, this conclusion is supported by the language, history and structure of Rules 12(b)(3)

5

and 12(f), by Fifth Circuit precedent, by the case law of our sister circuits, and by sound policy considerations.

IV

The history of the rule relating to suppression of evidence supports giving the term "waiver" its usual meaning. Originally, suppression motions were addressed in Fed. R. Civ. P. 41, entitled "Search and Seizure." Rule 41(e) provided that "[a] person aggrieved by an unlawful search and seizure may move the district court . . . to suppress [unlawfully obtained evidence]. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the ground for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

Rule 41(e) did not explicitly identify the penalty of "waiver" for failing to make a proper pretrial suppression motion. Ordinarily, in the absence of explicit language or reasons to the contrary, the failure to claim a right at trial constitutes a forfeiture, not a waiver, of that right for the purposes of appeal. Thus at the outset a failure to move to suppress evidence ordinarily would have been treated as a "forfeiture."[3] There is,

_____

[3]Nonetheless, some Fifth Circuit cases have suggested that even under the old Rule 41(e), failure to raise a timely suppression motion results in wavier. See, e.g., Garcia v. United States, 315 F.2d 133 (1963)(holding that when defendant failed to raise a timely suppression motion on Rule 41(e), "he waived any right he might have had to assert that the evidence against him was obtained by illegal search and seizure."); but see, United States v. Love, 472 F.2d 490, 497 (5th Cir. 1973)(quoting, in dicta, 3

6

of course, a significant difference between the two:  A defendant who has forfeited a claim may appeal, but the claim is subjected to plain error review.  See Olano, 507 U.S. 725, 113 S.Ct. 1770.  In contrast, a claim that is waived is barred on appeal.  Id.

The suppression rule did not, however, remain static.  In 1972, the rule was moved to Rule 41(f), which provided in its entirety:  "A motion to suppress evidence may be made in the court of the district of trial as provided in Rule 12."  This amendment meant that suppression motions became governed by Rule 12(b)(1).  This rule, however, simply provided that "[a]ny defense or objection which is capable of determination without the trial of the general issue may be raised before the trial by motion." (Emphasis added.)  Thus under the 1972 amendment, suppression motions were not yet placed under Rule 12(b)(2), which addressed motions that were required to be raised prior to trial, on penalty of waiver.  After the 1972 amendment, only two motions were governed by this section:  objections based on defects in the institution of the prosecution and objections based on defects in the indictment.

In 1974, the Rules were again revised.  These revisions resulted in the current Rule 12.  The rule for filing a suppression motion was moved from 41(f) to Rule 12.  Furthermore, suppression

---

Wright, Federal Practice & Procedure, § 856: "Even without either a pretrial motion or an objection at trial, the appellate court may consider whether evidence was illegally obtained if it is clear from the record that plain error was committed.")

motions were no longer included among motions that <u>may</u> be raised at trial; they were listed as motions under 12(b) that <u>must</u> be made before trial.[4]  Rule 12(f) specifically provides that the failure to raise an objection that must be made before trial is waived.

Consequently, under the current Rule 12, motions to suppress are now given identical treatment as motions based on defects in the institution of the prosecution and motions based on defects in the indictment.  As noted above, these two claims historically have been foreclosed on appeal if not first raised in the district court.  It therefore seems to us that the intent of the drafters to give the term "waiver" its ordinary meaning as it applies to motions to suppress is pellucid.

V

Fifth Circuit case law also suggests that a suppression claim not properly raised in the district court cannot be raised on appeal.  We have recognized that a district court may reject a tardy suppression motion <u>solely on the grounds of its untimeliness</u>.  In <u>United States v. Knezek</u>, 964 F.2d 394, 397-399 (5th Cir. 1992)

---

[4]The comments to the amendment note:

[Rule 12] (b) is changed to provide for some additional motions and requests which <u>must</u> be made prior to trial. Subdivisions (b)(1) [relating to defects in the institution of the prosecution] and (2) [relating to defenses and objections based on defects in the indictment] are restatements of the old rule.

Subdivision (b)(3) makes clear that objections to evidence on the ground that it was illegally obtained must be raised prior to trial.

a defendant moved for suppression of evidence after the deadline for pretrial motions, but three days before the start of the trial. The district court ruled that the defendant had waived his right to challenge evidence. In Knezek we held that a "district court does not abuse its discretion under Rule 12(f) in denying a suppression motion solely on the grounds that the defendant failed to comply with pretrial procedures." Id. at 397 (emphasis added).

In United States v. Marx, 635 F.2d 436, 440-42 (5th Cir. Unit B 1981), a district court exercised its authority to hear a tardy suppression motion under Rule 12(f). In affirming the district court's denial of the suppression motion, we observed that "the district court would not have abused its discretion under Rule 12(f) if it had denied the motion solely on the ground of appellants' non-compliance with pre-trial procedure." Id. (emphasis added). See also, United States v. Bullock, 590 F.2d 117, 120 (5th Cir. 1979)(noting "the district court would not have abused its discretion under Rule 12(f) if it had denied defendant's various suppression motions relying solely on defendant's failure to comply with pretrial procedures.").

These cases indicate that it is within the power of the district court to bar our review on the merits of a motion to suppress solely on the basis of a defendant's failure to comply with Rule 12. We have therefore established the rule in this circuit that the failure to follow the procedural requirements of

Rule 12 can result in barring the court of appeals from considering the merits of the suppression claim.

VI

In addition to the rule's precise language, the history of the rule, the support from our precedent and policy considerations all militate in favor of precluding a defendant from raising a suppression issue not properly raised in the district court. First, we note that suppression of evidence is not devised so much a personal right of the defendant, but, instead, as an incentive to protect the public against an over-aggressive police force.[5] Consequentially, the Supreme Court has refused to apply the exclusionary rule for Fourth Amendment violations where the costs of its implementation outweighs the benefit gained by deterrence of future violations. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed. 29 677 (1984).

Allowing appellate review of suppression claims not raised in the district court inflicts a significant cost on the criminal justice process. If, at trial, the government assumes that a defendant will not seek to suppress certain evidence, the government may justifiably conclude that it need not introduce the

---

[5]See, Elkins v. United States, 364 U.S. 206, 217, 80 S.Ct. 1437 (1960) (exclusionary rule "is calculated to prevent, not to repair"); see also, Stone v. Powell, 428 U.S. 465, 486, 96 S.Ct. 3037, 3048, 49 L.Ed.2d 1067 (1976) (exclusionary rule "is not a personal constitutional right"); United States v. Calandra, 414 U.S. 338, 347-48, 1261, 94 S.Ct. 613, 619-20, 38 L.Ed.2d 561 (1974) (exclusionary rule is not "a personal constitutional right of the party aggrieved").

quality or quantity of evidence needed otherwise to prevail. Also, on appeal the government will be forced to rely on an underdeveloped record in defending itself.

Moreover, if a suppression motion is made before trial, the government may appeal an adverse ruling. In contrast, if the court considers suppression motions after jeopardy attaches, the government loses this right. The Eleventh Circuit has recently emphasized the importance of this point. In United States v. Ford, 34 F.3d 992, 994 n.2 (11th Cir. 1994), the defendant, Ford, "argued [his suppression motion] for the first time in court, after the jury had been sworn. Had the district court entertained Ford's . . . arguments at that time, after jeopardy had attached, the government would have lost its right to appeal an adverse ruling on suppression." Id. The court therefore held that the defendant's motion was untimely and not preserved for appeal. See also, United States v. Nunez, 19 F.3d 719, 723 (1st Cir. 1994).

Finally, little deterrence of unacceptable police conduct is lost by refusing to review suppression claims not raised in the district court. As Judge Wiley, of the D.C. Court of Appeals, once wrote, "[to allow an suppression motion to be considered for the first time on appeal,] we would have to imagine a policeman tempted to make an unconstitutional search or seizure pausing to think and then being dissuaded by the consideration that the prospective defendant, if he is so unlucky as to have a lawyer who commits plain error in failing to file a timely pretrial suppression

11

motion, will have another bite at the apple." United States v. Brown, 663 F.2d 229, 238 (D.C. Cir. 1981)(en banc)(Wiley, J. concurring).[6]

VII

Finally, our holding today is consistent with a majority of other circuits that have addressed this question, notwithstanding some intra-circuit conflicts that will be noted below:

United States v. McDowell, 918 F.2d 1004, 1009 (1st Cir. 1990) (failure to file pretrial suppression motion resulted in waiver, and therefore merits will not be considered on appeal); see also, United States v. Nunez, 19 F.3d 719, n.10 (1st Cir. 1994)(commenting "[f]ew courts have squarely considered whether a Rule 12(f) waiver obviates 'plain error' review under Rule 52(b). A number of courts have proceeded with 'plain error' review, however, without discussing the impact of Rule 12(f) waiver. . . . In any event, our precedent does not require 'plain error' review in circumstances where reliable review has been rendered impossible by inadequate development at the district court level. . . ."). United States v. Ulloa, 882 F.2d 41, 43 (2d Cir. 1989) ("The Federal Rules of Criminal Procedure and our cases make clear that a motion to suppress evidence must be made before trial and failure

---

[6]This interpretation of Rule 12 is further supported by Rule 12(e), which provides "[a] motion made before trial shall be determined before trial unless the court, for good cause, orders that it be deferred for determination at the trial of the general issue or until after verdict, but no such determination shall be deferred if a party's right to appeal is adversely affected."

to make such a motion constitutes waiver . . . . The lawfulness of the seizures is therefore not available for consideration on appeal" (internal citations omitted)).  United States v. Randolf, 27 F.3d 564 (4th Cir.)(failure to raise timely pretrial suppression motion resulted in waiver), cert. denied, 513 U.S. 942 (1996); United States v. Badwan, 624 F.2d 1228, 1231 (4th Cir. 1980)(same). United States v. Vincent, 20 F.3d 229, 234 (6th Cir. 1994)(applying plain error standards to a claim that was raised for the first time on appeal, but refusing to consider a suppression issue that was not raised below: "under Federal Rule of Criminal Procedure 12(b)(3), defendant was required to raise suppression issues prior to trial, and because failure to do so constituted a waiver of this claim, Fed.R.Crim.P. 12(f), we are precluded from considering his claim on appeal.");  United States v. Obiukwu, 17 F.3d 816, 819 (6th Cir. 1994)(holding that failure to file a timely suppression motion constitutes waiver, and therefore refusing to address merits of claim); but see,  United States v. Buchanon, 72 F.3d 1217 (6th Cir. 1995)(noting that although a defendant did raise a suppression issue because he did not argue it with sufficient specificity it was "forfeited"; nevertheless, the court applies plain error review, citing Olano, 507 U.S. 725).  United States v. Kimberlin, 805 F.2d 210 (7th Cir. 1986)(refusing to rule on the merits of a Rule 12(b)(2) motion, noting the right to raise the issue was waived when defendant failed to file pretrial motion); but see, United States v. Wesson, 33 F.3d 788, 794 (7th Cir. 1994)(noting

13

that plain error is to be applied when a defendant fails to raise a suppression issue prior to trial), cert. denied, Steel v. United States, 513 U.S. 1100 (1995). United States v. Moore, 98 F.3d 347, 351 (8th Cir. 1996) (court applies plain error standard, however, the case is ambiguous, and it is possible that the defendants argued the suppression issue at trial). United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir. 1987)(failing to reach the merits of a defendant's argument, noting "[j]ust as a failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a particular ground"); United States v. Hernandez-Ochoa, 50 F.3d 17 (9th Cir. 1995)(defendant failed to preserve suppression issue for appeal by failing to object in a pretrial motion). United States v. Dirden, 38 F.3d 1131, 1139 n.10 (10th Cir. 1994) (refusing to hear a suppression claim, even though a pretrial suppression motion considered other issues); United States v. Uribe-Galindo, 990 F.2d 522, 525 (10th Cir. 1993)(refusing to address merits of suppression issue, noting the failure to raise timely objection to suppression issue constitutes waiver); but see, United States v. Dewitt, 946 F.2d 1497, 1502 (10th Cir. 1991)(holding that waiver applies when defendant failed to include particular arguments in his pretrial suppression motion, but also noting that "defendant has not attempted to demonstrate plain error"). Ford, 34 F.3d at 994 n.2 (refusing to hear a defendant's suppression motion, noting that allowing a late motion would preclude the government from appealing an adverse decision);

14

but see, United States v. Milian-Rodriquez, 828 F.2d 679, 683-84 (11th Cir. 1987)(district court held that a suppression motion was waived as untimely, but ruled in the alternative that the suppression motion was without merit; the appellate court held that the district court's consideration of the merits did not excuse the waiver, and that the district court's conclusion on the merits was not plain error. The court provided no explanation or authority for applying the plain error standard). United States v. Sobin, 56 F.3d 1423, 1427 (D.C. Cir.)(failing to consider merits of suppression issue after finding the defendant failed to make a timely motion), cert. denied, 116 S.Ct. 348 (1995); United States v. Mangieri, 694 F.2d 1270, 1282 (D.C. Cir. 1982)(same); Brown, 663 F.2d 229(by failing to file a pretrial motion, the defendant waived his right to appeal a suppression claim).

                              VIII

     Turning to the second issue raised in this appeal, Chavez also argues that his trial counsel rendered ineffective assistance by failing to file a proper pretrial suppression motion. "As a general rule, Sixth Amendment claims of ineffective assistance of counsel cannot be litigated on direct appeal, unless they were adequately raised in the district court." United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995); United States v. Phillips, 664 F.2d 971, 1040 (5th Cir. 1981). Chavez failed to object to trial counsel's performance at the district court. Nevertheless, this court may consider a claim regarding competency of trial counsel if

                              15

the record provides sufficient detail about the attorney's conduct to allow the court to make a determination of the merits of the claim.  Id.; United States v. Saenz-Forero, 27 F.3d 1016, 1019 (5th Cir. 1994)(record sufficiently detailed to allow review); Phillips, 664 F.2d at 1040 (5th Cir. 1981)(record sufficiently detailed where after the completion of the trial, defendant objected to effectiveness of counsel, and counsel provided a "point-by-point" rebuttal of defendant's charge); United States v. Brown, 591 F.2d 307, 310 (5th Cir. 1979)(holding that the defendant waived his right to counsel, but also noting, in dicta, that the record was sufficiently detailed to all the court to find defendant received adequate counsel).

Failure to file a suppression motion does not constitute per se ineffective assistance of counsel.  Kimmelman v. Morrison, 477 U.S. 365, 384, 106 S.Ct. 2574, 2587-88 (1986).  It may be that the failure to raise the suppression issue was a strategic decision. Defense counsel "is not required automatically to file a suppression motion in every case involving evidence or statements obtained after a search; rather, counsel must use 'professional discretion in deciding whether there are sufficient grounds' for such a motion."  United States v. Aulet, 618 F.2d 182, 187-88 (2d Cir. 1980).  Without knowing the reason for failing to file a pretrial motion, this court is not positioned to review the competency of representation Chavez received.  Therefore, Chavez's

16

appeal on this ground is DENIED without prejudice to collateral review.[7]

## IX

In conclusion, the plain language of Rule 12(b) and Rule 12(f), the history of the rules relating to suppression motions, Fifth Circuit case law, case law from the majority of our sister circuits, and sound policy considerations convince us that appellate review is barred when a defendant does not raise a suppression claim in accordance with the Federal Rules of Criminal Procedure. In view of the undeveloped record, we also decline to review the appellant's contention that he received ineffective assistance of counsel.

For the reasons noted above, the judgment of the district court is

A F F I R M E D.

---

[7]Because we do not reach the merits of either of Chavez's claims, we dismiss his motion to notice certain facts as moot.