IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50862
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERT EARL HOPPER,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-95-CR-109-1
- - - - - - - - - -
February 11, 1998
Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

    Robert Earl Hopper appeals the sentence he received after he

pleaded guilty to conspiracy to distribute and possession with

intent to distribute methamphetamine, and to notice of the

Government's Demand for Forfeiture.  He argues that he is

entitled to the appointment of counsel on appeal.  This issue is

res judicata.  He also argues that he received ineffective

assistance of counsel at trial.  This court, however, does not

review claims of ineffective assistance of counsel on direct

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal which were not presented to the district court. <u>United States v. Chavez-Valencia</u>, 116 F.3d 127, 133 (5th Cir.), <u>cert. denied</u>, 118 S. Ct. 325 (1997).

Hopper argues that the waiver of the right to appeal his sentence is not applicable because he agreed to waive the right to appeal his sentence only if it was imposed in conformity with the Sentencing Guidelines. Hopper further argues that the sentencing court did not properly calculate his sentence because it failed to distinguish between dextro-methamphetamine and levo-methamphetamine when it determined his offense level, in violation of the Ex Post Facto Clause. He also challenges the drug quantity used for determining his offense level. We have reviewed the parties' briefs and the record and find Hopper waived his right to appeal his sentence. Accordingly, his appeal is DISMISSED. See <u>United States v. Melancon</u>, 972 F.2d 566, 568 (5th Cir. 1992).