IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40803
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CURTIS RAY ROBERTSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(9:97-CR-35-ALL)
_____

June 17, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

A jury convicted Curtis Ray Robertson of possession with
intent to distribute cocaine base, in violation of 21 U.S.C. §
841(a)(1). The district court sentenced Robertson to a 168-month
term of imprisonment and a five-year term of supervised release.
Robertson timely filed this appeal. We affirm.

Robertson first argues that the evidence was not sufficient to

---

[*]      Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prove that he possessed the cocaine.  This argument is unavailing. With an insufficient evidence claim, we consider the evidence in the light most favorable to the verdict and will affirm the conviction if a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt.[1]  The jury alone is responsible for determining the weight and credibility of the evidence.[2]  To establish Robertson's guilt, the government had to prove beyond a reasonable doubt that Robertson knowingly possessed cocaine base with an intent to distribute it.[3] Possession "may be actual or constructive, may be proven by circumstantial or direct evidence."[4]  Our review of the circumstantial and direct evidence, viewed in the light most favorable to the jury's verdict, convinces us that the evidence was sufficient to sustain a conviction for possession with intent to distribute cocaine base.[5]

Robertson next contends that the district court erred by failing to suppress evidence seized after his flight from the police because it was tainted by a constitutionally unreasonable search and seizure.  Because, however, Robertson did not make a

---

[1]    See United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992).

[2]    Id. at 161.

[3]    United States v. Brown, 29 F.3d 953, 958 (5th Cir. 1994).

[4]    Id.

[5]    See Martinez, 975 F.2d at 160-61; United States v. DeLeon, 641 F.2d 330, 335-36 (5th Cir. 1981).

2

timely suppression motion in the district court, he has waived this issue on appeal.[6]

Finally, Robertson argues that the district court abused its discretion by denying his motion, made following jury voir dire, for substitution of counsel. This contention is also without merit. Substitution of counsel during trial is warranted if the defendant shows "good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict."[7] Robertson's assertion that the district court did not inquire sufficiently regarding the reasons for his motion to substitute counsel is refuted by the record. Robertson made only a vague reference to misrepresentation and allowed his attorney to explain that Robertson's dissatisfaction concerned the lack of an independent fingerprint analysis. Robertson has not expressed any other reason supporting his motion for substitution of counsel. Accordingly, the district court did not abuse its discretion.

AFFIRMED.

---

[6] See United States v. Chavez-Valencia, 116 F.3d 127, 130-33 (5th Cir. 1997), cert. denied, 118 S.Ct. 325 (1997).

[7] United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973) (citations omitted).