IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10229
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

AKINPELU ASHOKEJI, also known as James A. Jimoh,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-214-2-A
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Akinpelu Ashokeji, also known as James A. Jimoh, appeals his
sentence after pleading guilty to two counts of mail fraud and
illegal reentry after deportation.  Ashokeji argues that the
district court erred in not granting a downward departure under
the provision contained in U.S.S.G. § 2L1.2, comment. (n.5), and
that his counsel was ineffective for failing to seek a downward
departure.  He contends that his prior convictions consisted of
one felony offense and two misdemeanors, and that his felony
conviction was not a crime of violence or a firearm offense.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Section 2L1.2, comment. (n.5) applies to a person "convicted of only one felony offense." Ashokeji, as he admitted in his factual resume and as documented in the PSR, was previously convicted of two felony offenses: Fraud and Related Activity in Connection with Access Devices, in violation of 18 U.S.C. § 1029(a)(2), and Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 371. Both of these crimes are classified as felonies under federal law. 18 U.S.C. § 3559(a). Substantive and conspiracy convictions are separate and distinct offenses. United States v. Brown, 7 F.3d 1155, 1162 (5th Cir. 1993). The fact that both convictions may have arisen out of the same conduct does not mean they are to be considered as a single felony offense for purposes of the application of § 2L1.2, comment. (n.5). Having been previously convicted of two felony offenses as defined in § 2L1.2, comment. (n.1), Ashokeji was ineligible for the downward departure described in § 2L1.2, comment. (n.5).

Ashokeji argues that the district court erred by misapplying the sentencing guidelines in its calculation of the intended loss. He contends that the PSR failed to justify the basis of its determination of the loss. He argues that because the intended loss cannot be determined, the district court should have applied an actual loss standard.

The PSR determined the intended loss to be $392,700.96. Ashokeji lodged written objections to this determination of the intended loss, making the same arguments he makes now on appeal. At the sentencing hearing, Ashokeji's counsel stated that

Ashokeji would "waive his objections to the presentence report."

Generally, plain error applies to arguments made for the first time on appeal, absent waiver.  <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  In <u>Calverley</u>, we distinguished between waiver and forfeiture.  Waiver, the intentional relinquishment or abandonment of a known right, results in no error.  Forfeiture, the failure to make the timely assertion of a right, does not extinguish the error.  37 F.3d at 162.  Ashokeji knowingly and intentionally passed up the opportunity to argue his objections to the PSR to the district court.  He specifically represented to the district court that he was "waiving" his objections.  Ashokeji waived this issue.  Once a right is waived at trial, it may not be resurrected on appeal. <u>United States v. Chavez-Valencia</u>, 116 F.3d 127, 129 (5th Cir. 1997).

AFFIRMED.