**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 00-20188

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MENA,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-99-CR-289-1

January 15, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

David Mena ("Mena") appeals his conviction for being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). Mena appeals his conviction on the

sole ground that the police frisked him without articulable facts to support a reasonable belief that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mena was armed and presently dangerous and, thus, the district court erred in denying his motion to suppress. We affirm the district court's denial of the motion to suppress.

Testimony given at the suppression hearing established that the uniformed officers who stopped Mena, Officers Kirsch and Woodward, did so at the direction of the Harris County Organized Crime Narcotics Task Force. Walter Hudson, a sergeant with the Task Force, had information linking the car which Mena was driving to a narcotics transaction to take place later that day. While maintaining surveillance, Hudson observed a vehicle matching the description given to him, and believing that the vehicle or its driver would have narcotics, Hudson requested Officers Kirsch and Woodward, who were in a marked patrol unit, to stop the vehicle. Officers Kirsch and Woodward testified that they followed the car for about two blocks, and stopped the vehicle when Mena failed to both stop at a stop sign and signal as he turned right at the intersection.

The officers approached the vehicle, one on each side. Both officers testified that they observed Mena reach toward the floorboard. In response to this downward motion, the officers directed Mena to exit the vehicle. Upon exiting the car, the officers testified that Mena began flailing his arms around. Officer Kirsch then ordered Mena to lay against the vehicle and conducted a frisk of Mena. Officer Kirsch discovered a loaded .380 ammunition clip in Mena's right front pocket and a .380 Berretta firearm in Mena's waistband.

Prior to trial, Mena moved to suppress the evidence obtained as a result of this traffic stop on seven grounds: (1) the officers arrested and apprehended Mena without warrant and without probable cause; (2) Mena's statements made at the time of and subsequent to his apprehension and arrest were the products of an illegal search and illegal arrest; (3) the officers lacked probable cause to search Mena, seize the items obtained, and to arrest him; (4) the officers lacked a reasonable

suspicion supported by articulable facts to justify an investigative detention; (5) the detention exceeded the purpose of the initial stop; (6) there was no valid consent; (7) the search was not incident to a lawful arrest. The district court denied Mena's motion, noting that it found the officers' testimony more credible than Mena's testimony.

We review a district court's findings of fact on a motion to suppress only for clear error. We view the record in the light most favorable to the prevailing party, here the government. *See United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (*en banc*). We review the district court's legal conclusions *de novo*. *See United States v. Maldonado*, 42 F.3d 906, 908 (5th Cir. 1995).

On appeal, Mena argues that the district court erred in denying his motion to suppress on the grounds that the police frisked him without articulable facts to support a reasonable belief that he was "armed and presently dangerous."[1] The government counters Mena's contention by arguing that Mena waived this argument by not presenting it below. We agree.

Federal Rule of Criminal Procedure 12(b)(3) provides that motions to suppress must be made prior to trial. The failure to make such a motion constitutes waiver, thereby barring a defendant from raising the objection on appeal. *See* Fed. R. Crim. P. 12(f) ("[f]ailure by a party to raise defenses or objections or to make requests which must be made prior to trial...shall constitute waiver thereof"); *United States v. Chavez-Valencia*, 116 F.3d 127, 129 (5th Cir. 1997) (concluding that "a defendant who fails to make a timely suppression motion cannot raise the claim for the first time on appeal"). Waiver extends not only to a failure to file a motion for suppression, *see, e.g*, *United States v.*

---

[1]As this is the only contention Mena now raises, we consider the bases for suppression urged before the district court to have been abandoned on appeal. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its initial brief on appeal").

*Knezek*, 964 F.2d 394, 397 (5th Cir. 1992) (holding that failure to file motion to suppress constitutes waiver), but also to bases for suppression not urged before the district court. *See United States v. Cannon*, 981 F.2d 785, 787 (5th Cir. 1993) (finding that even where a defendant makes a motion to suppress evidence, if he does not develop the factual basis upon which his appellate argument for suppression is predicated, that argument is normally considered waived); *United States v. Medina*, 887 F.2d 528, 533 (5th Cir. 1989) (finding that issues of probable cause and derivative evidence were not properly before the court on appeal when the defendant had sought suppression on the ground that a Miranda warning was not given). Moreover, we have noted that the"[f]ailure to ... assert a particular ground in the suppression motion [] operates as a waiver unless the district court grants relief for good cause shown." *United States v. Harrelson*, 705 F.2d 733, 738 (5th Cir. 1983); *see also United States v. Neumann*, 887 F.2d 880, 886 (8th Cir. 1989) (refusing to consider defendant's argument for suppression as it constituted a new and independent argument not presented below); Wayne R. LaFave, "Search and Seizure: A Treatise on the Fourth Amendment" (3d ed. 1996) ("it is commonly required that the motion [to suppress] must specify with particularity the grounds upon which the motion is based. The requirement is one of specificity in the statement of defendant's legal theory"). While we have reviewed for clear error an argument which defendant did not raise in his suppression motion or the suppression hearing, we did so when the government failed on appeal to assert that the defendant did not raise the issue before the district court. *See Maldonado*, 42 F.3d at 909 & 912 n.9 (5th Cir. 1995).

Mena urges us to find that he has not waived his objection to the pat-down on two grounds. First, he argues that the factual record underpinning the argument he now asserts was fully developed before the district court. Second, Mena asserts that propriety of the patdown was fully discussed in

the suppression hearing.

We find Mena's arguments unavailing. First, while the officers did testify as to the basis for frisking Mena, Mena did not. Instead, Mena testified only with regard to whether he committed the traffic violations for which the officers stopped him.

Second, in support of his contention that the district court fully reviewed the legal basis for his claim, Mena asserts that he invoked *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and argued that the police must have articulable circumstances justifying a belief that the defendant is armed and dangerous. We have reviewed the record and found that while Mena invoked *Terry*, counsel made this invocation to support the argument that the police lacked any justification for stopping Mena. Thus, this invocation occurred within the framework of Mena's consistent position below that the officers lacked probable cause or even a reasonable suspicion upon which to stop Mena's car. Counsel did not make any argument regarding Mena's actions prior to the officer's directive to exit the car. Furthermore, in denying Mena's motion, the court focused on the basis for the traffic stop and found the officers' testimony that Mena committed a traffic violation more credible than Mena's testimony that he had obeyed the traffic laws. Therefore, we cannot say that the district court was given a full opportunity to pass upon the argument proffered here. As a result, we find that Mena has waived the sole argument he presents on appeal and we, therefore, decline to reach its merits.

Based on the foregoing, we AFFIRM the district court's judgment.