# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 99-60868

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MORRIS S. GRIFFITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:99-CR-48)

_____

March 16, 2001

Before REAVLEY, SMITH, and DeMOSS,
Circuit Judges.

PER CURIAM:[*]

Morris Griffith was convicted of attempting
and conspiring to commit extortion, in

violation of 18 U.S.C. § 1951(b)(2) and (3).
He argues two instances of ineffective
assistance of counsel: first, that pretrial
counsel Harry Rosenthal, who was Griffith's
counsel in an unrelated divorce matter, labored
under a conflict of interest in that he also
represented Jon Adams, the government
informant in the extortion investigation; and
second, that his trial counsel, J.B. Goodsell,
was ineffective because he failed to call Adams
to testify, elicited damaging testimony from
Artie Armstrong on cross-examination,
mishandled Griffith's entrapment defense, and
introduced into evidence a "memorandum of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

understanding" that admitted guilt. Finding no error, we affirm.

## I.

Griffith argues that Rosenthal was constitutionally ineffective under the Sixth Amendment because he failed to fulfill a duty to inform Griffith of an FBI investigation or to advise him not to engage in criminal activity that was the subject of the FBI's sting operation.[1] At the time of the sting operation, a formal adversary criminal proceeding had not been initiated against Griffith. Thus, his right to constitutionally effective assistance of counsel had not attached. *Kirby v. Illinois*, 406 U.S. 682, 689 (1972).

Further, Griffith admits that none of Rosenthal's actions during the brief time after Griffith was indicted and before Rosenthal withdrew affected the outcome of the trial. Therefore, any conflict of interest produced no adverse effect after Griffith's Sixth Amendment rights had attached.

---

[1] We generally decline to consider ineffective assistance claims on direct appeal, *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995), and instead dismiss them without prejudice so the defendant can develop the record through a motion under 28 U.S.C. § 2255. *United States V. Chavez-Valencia*, 116 F.3d 127, 133-34 (5th Cir. 1997). We resolve ineffective assistance claims only in those rare circumstances where the record allows us to evaluate fairly the merits of the claim. *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). Both sides here agree that the record is sufficiently developed for us to resolve these claims.

## II.

Griffith fails to establish that Goodsell was ineffective. He does not show that Adams's testimony would have been beneficial had counsel called him to testify. *United States v. Abner*, 825 F.2d 835, 844 (5th Cir. 1987); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Griffith also fails to explain how counsel's cross-examination of co-conspirator Artie Armstrong was deficient or how the testimony elicited had an adverse effect on his defense.

Goodsell was not ineffective for arguing simultaneously that Griffith did not commit the underlying crime and that, if he did, it was only the result of entrapment. A defendant may argue that he did not commit all the elements of the underlying crime and also pursue an entrapment defense. *Mathews v. United States*, 485 U.S. 58, 63-66 (1988); *United States v. Ivey*, 949 F.2d 759, 768 (5th Cir. 1991); *United States v. Jones*, 839 F.2d 1041, 1053 (5th Cir. 1988). Although Griffith complains that Goodsell failed to pursue a vigorous entrapment defense, Goodsell argued entrapment in his opening statement, elicited testimony in an attempt to demonstrate entrapment, and argued entrapment during closing argument. At Goodsell's request, the jury instructions included an entrapment defense.

Nor was Goodsell ineffective for introducing a "memorandum of understanding" into evidence. The memorandum was negotiated by Rosenthal on Griffith's behalf. Counsel made a conscious effort to use the memorandum as part of an entrapment theory and to allege that Rosenthal was a government agent by virtue of his representation of Adams in negotiating a deal with the FBI. *Strickland v. Washington*, 466

U.S. 668, 689 (1983) (holding that review of counsel's performance is highly deferential); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that conscious and informed decision on trial tactics and strategy cannot be the basis of ineffective-assistance claim unless it is so ill- chosen that it permeates the entire trial with obvious unfairness).

AFFIRMED.