**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-40300**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**OSCAR BARRIENTOS,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(B-00-CR-402-1)**

November 5, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Concerning his bench trial conviction for aiding and abetting possession with intent to distribute 771 kilograms of marijuana, Oscar Barrientos asserts the district court erred in denying his motions to suppress (statements and the marijuana). "We review a district court's denial of a motion to suppress by viewing the facts in the light most favorable to the prevailing party (here, the government), accepting the district court's factual findings unless clearly erroneous, and considering all questions of law de

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

novo." **United States v. Rico**, 51 F.3d 495, 500 (5th Cir.), *cert. denied*, 516 U.S. 883 (1995).

Simply put, a vehicle suspected of being used for drug trafficking was seen at Barrientos' residence; when Agents returned, they found it at an adjoining residence. After a consent search of the latter property, the Agents entered Barrientos' property by using a gate between the two properties.

Barrientos contends Agents violated his Fourth Amendment rights by, without a warrant, entering his fenced yard and approaching his door. The Government counters that the Agents were engaged in a permissible "knock and talk" strategy. "[We] have recognized the 'knock and talk' strategy as a reasonable investigative tool when officers seek to gain an occupant's consent to search or when [, as in the case at hand,] officers reasonably suspect criminal activity". **United States v. Jones**, 239 F.3d 716, 720 (5th Cir. 2001) (citing **United States v. Tobin**, 923 F.2d 1506, 1511 (11th Cir. 1991)), *cert. denied*, 70 U.S.L.W. 3237 (Oct. 1, 2001). Moreover, we have held police did not violate the curtilage of a fenced-in apartment by approaching its front door after passing through an open gate: (1) that was devoid of a door bell, knocker, or any indication permission to enter was required; and (2) that the police could reasonably have believed was the principal means of access to the apartment. *See **United States v.**

*Thomas*, 120 F.3d 564, 571-72 (5th Cir. 1997), *cert. denied*, **Harmon v. United States**, 522 U.S. 1061 (1998).

The situation in the case at hand is quite different, as evidence indicates: (1) the gate through which the agents entered was not a public access, but rather an access to a neighbor's yard; and (2) the fence contained postings warning the property was private and guarded by a dog. We need not decide, however, whether these distinctions make a difference for Fourth Amendment purposes; any Fourth Amendment violation stemming from the approach was cured by Barrientos' consent. "[A] subsequent consent to search may, but does not necessarily, dissipate the taint of a [prior] fourth amendment violation". **United States v. Jones**, 234 F.3d 234, 242 (5th Cir. 2000) (citations and internal quotations omitted; alteration in original). "When we evaluate consent given after a Fourth Amendment violation, the admissibility of the challenged evidence turns on a two-pronged inquiry: 1) whether the consent was voluntarily given; and 2) whether the consent was an independent act of free will." *Id.*

The district judge found no credible evidence that the consent given was not voluntary. "To determine whether the consent was an independent act of free will ... we must consider: 1) the temporal proximity of the illegal conduct and the consent; 2) the presence of intervening circumstances; and 3) the purpose and flagrancy of the initial misconduct." *Id.* at 243. The facts militate for a

3

determination that Barrientos' consent was an independent act of free will.

Next, Barrientos asserts the subsequent search of his property exceeded the scope of his consent.  He did not move in district court, however, to suppress on this ground.  Appellate review for suppression claims not raised in district court is waived.  *See, e.g.,* **United States v. Chavez-Valencia**, 116 F.3d 127 (5th Cir. 1997); FED. R. CRIM. P. 12(b)(3),(f).

***AFFIRMED***