IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50671
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD WAYNE INMAN, also known as Gerald Inman,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CR-64-5
--------------------
May 2, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Gerald Wayne Inman ("Inman") appeals his convictions and
sentences for a methamphetamine-distribution conspiracy and
possession with intent to distribute amphetamine.  Inman first
contends that the district court erred in not suppressing evidence
seized pursuant to a search warrant because he alleged that the
warrant did not describe the place to be searched with

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

particularity and thus violated the Fourth Amendment.  Inman concedes that he did not file a motion to suppress the seized evidence in the district court.  Because Inman failed to move to suppress the  evidence  seized  pursuant  to  the  allegedly unconstitutional search warrant, he waived the right to contest the admission of the evidence and is barred from raising the issue in this appeal.  See United States v. Chavez-Valencia, 116 F.3d 127, 129-33 (5th Cir. 1997).

Inman next contends that the evidence was insufficient to convict him of conspiracy and that the evidence, at most, established a buyer-seller relationship.[1]  He contends that the evidence was insufficient to convict him of possession of amphetamine and that the indictment was constructively amended because the evidence showed that the substance was methamphetamine, not amphetamine.

A reasonable jury could have found from the testimony that both Inman and one of his methamphetamine suppliers knew that the drugs were intended for redistribution; thus, the evidence was sufficient to establish a drug distribution conspiracy.  See United States v. Casel, 995 F.2d 1299, 1306 (5th Cir.), cert. denied, Williams v. United States, 510 U.S. 978 (1993).  In light of a Drug Enforcement Administration forensic chemist's testimony that the substance possessed by Inman was methamphetamine hydrochloride, a

---

[1]    Inman's challenge to the sufficiency of evidence to support his stolen motor vehicle conviction is considered in the related appeal, Case No. 01-50681.

type of amphetamine, the evidence was also sufficient to convict Inman of possession of amphetamine.

Finally, Inman contends that the district court erred by not making particularized findings following Inman's objection to the presentence report ("PSR") on drug quantity. Inman did not object to the district court's failure to make particularized findings on drug quantity at sentencing, and therefore this issue is reviewed for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). The district court did not err in adopting the findings in the PSR and thereby making implicit findings as to drug quantity; the findings in the PSR are clear and Inman offered no evidence to rebut the reliability of the information relied on by the probation officer. See United States v. Carreon, 11 F.3d 1225, 1231 (5th Cir. 1994); see also United States v. Gaytan, 74 F.3d 545, 558 (5th Cir. 1996) ("The defendant bears the burden of demonstrating that information the district court relied on in sentencing is materially untrue.") (internal quotation and citation omitted). Moreover, even if, as Inman contends, the district court erred by not making findings as to whether the offense level should be 18 (as suggested by the Government at sentencing) or 20 (as set forth in the PSR adopted by the court), Inman's substantial rights were not affected. Inman was sentenced under the multi-count adjustment set forth at U.S.S.G. § 3D1.4 and his sentence would have been the same regardless whether the grouped drug counts were assigned an offense

level of 18 or 20.  <u>See</u> U.S.S.G. § 3D1.4.  Inman does not reassert the contention made in his PSR objections that the offense level should have been 14; accordingly, that argument is abandoned.  <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

**AFFIRMED.**