United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 15, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 02-41472
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

HECTOR RAUL GARZA,

Defendant-
Appellant.

-------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-374-ALL
-------------------------------------------------------

Before DAVIS, STEWART and DENNIS, Circuit Judges:

PER CURIAM:[*]

Hector Raul Garza appeals his conditional guilty-plea conviction for possession with intent

to distribute less than 50 kilograms of marihuana. Garza contends that the district court erred in

denying his motion to suppress. He argues that the Border Patrol agents' activation of their vehicle's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

overhead lights after his vehicle stopped constituted a seizure under the Fourth Amendment that was not supported by reasonable suspicion.

The Government contends that Garza has waived this issue by failing to raise it before the district court. Garza's motion to suppress before the district court contended that "the roving patrol stop of [his] vehicle was done without reasonable suspicion . . . ." The district court addressed only whether Garza voluntarily stopped his vehicle in its decision on the motion.

Motions to suppress must be made before trial. FED. R. CRIM. P. 12(b)(3). The failure to make such a motion constitutes a waiver and bars a defendant from raising the objection on appeal. See FED. R. CRIM. P. 12(f) (2001); United States v. Chavez-Valencia, 116 F.3d 127, 129 (5th Cir. 1997). Likewise, the failure to raise a particular issue in a suppression motion operates as a waiver unless the district court grants relief for good cause shown. See United States v. Carreon-Palacio, 267 F.3d 381, 389 (5th Cir. 2001); United States v. Harrelson, 705 F.2d 733, 738 (5th Cir. 1983). Because Garza did not adequately raise the issue of whether the activation of the overhead lights on the Border Patrol vehicle after Garza stopped his vehicle constituted a seizure in his motion to suppress before the district court, he has waived this argument. See United States v. Medina, 887 F.2d 528, 533 (5th Cir. 1989); Harrelson, 705 F.2d at 738. Accordingly, the judgment of the district court is AFFIRMED.