# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40897
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES JOHN CORTEZ, also known as Andy,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-247-10

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Andres John Cortez appeals from his jury trial conviction and sentence for conspiracy to distribute or possess with the intent to distribute cocaine, methamphetamine, and marijuana. He was sentenced to 120 months of imprisonment and five years of supervised release.

For the first time on appeal, he argues that the district court erred by applying the statutory minimum term of imprisonment to his sentence because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the probation officer stated in the presentence report that he was responsible for only 13.68 grams of methamphetamine, which is below the quantity necessary to trigger that statutory minimum term. *See* 21 U.S.C. §§ 841(b)(1)(A)(viii) & 846. However, the jury specifically found that the offense involved 50 grams or more of actual methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Because Cortez did not preserve this issue for appeal, we review this claim for plain error. *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009) (stating the plain-error standard of review). Notably, Cortez does not challenge the sufficiency of the evidence supporting the jury's quantity finding. The jury's quantity finding was sufficient to trigger the enhanced penalties under § 841(b)(1)(A). *United States v. Daniels*, 723 F.3d 562, 570 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 974 (2014). Cortez has therefore failed to show that the district court committed clear or obvious error by applying the 10-year statutory minimum to his sentence. *See Puckett*, 556 U.S. at 135.

Cortez contends that the trial court improperly admitted irrelevant and prejudicial testimony about the horrors of methamphetamine use from a police officer. He concedes that he did not object to the admission of that testimony. Examination of the trial transcript shows that the challenged testimony regarding the common characteristics of a methamphetamine user was relevant to counter Cortez's defense and was not unfairly prejudicial. *See* FED. R. EVID. 403. Accordingly, Cortez has failed to show that there was error, plain or otherwise, when that testimony was admitted at trial. *See Puckett*, 556 U.S. at 135.

Cortez asserts that the trial court erred by allowing a police officer to testify regarding what Cortez said during an interrogation because he was not

No. 13-40897

given *Miranda*[1] warnings prior to that interrogation. Cortez's failure to file a motion to suppress those statements waived that suppression claim and bars appellate review of that claim despite his allegation that the waiver was the product of ineffective assistance of counsel. *See United States v. Harris*, 740 F.3d 956, 971-72 (5th Cir. 2014), *petition for cert. filed* (Apr. 10, 2014) (No. 13-9686); *United States v. Chavez-Valencia*, 116 F.3d 127, 129-34 (5th Cir. 1997). Even if we were to review this claim for reversible plain error, the admitted testimony did not affect Cortez's substantial rights or seriously affect the fairness, integrity, or public reputation of judicial proceedings because the jury was advised of the lack of *Miranda* warnings and there was overwhelming evidence of Cortez's guilt. *See Puckett*, 556 U.S. at 135.

Although Cortez seeks our consideration of his claims that his trial counsel was ineffective on various grounds, the record is not sufficiently developed to permit review of those claims on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014), *petition for cert. filed* (June 4, 2014) (No. 13-10484). Cortez argues that the cumulative effect of all of his appellate claims proves that he was denied a fair trial. As he has not shown any error in those claims, he also has not shown cumulative error. *See United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012).

The judgment of the district court is AFFIRMED.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).