United States Court of Appeals,

Fifth Circuit.

No. 94-10880.

UNITED STATES of America, Plaintiff-Appellee,

v.

William Henry WALKER, Jr., Defendant-Appellant.

Nov. 9, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, and JONES and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

William Henry Walker filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court dismissed Walker's motion with prejudice. We affirm.

## I. FACTS

The defendant, Walker, was charged, with two codefendants, with possession of methamphetamine with intent to distribute, possession of a precursor chemical, phenylacetone, with the intent to manufacture a controlled substance, and conspiracy to commit each of these offenses. Walker pled guilty to one count of possession with intent to distribute. In the plea agreement, the parties agreed that 14 years incarceration would be an appropriate disposition of the case.

The presentence report (PSR) reveals that from the latter part of 1988 through the early part of 1989, confidential informants working with the Drug Enforcement Administration (DEA) made purchases of methamphetamine from Walker and his codefendant

1

Fernando Reyna on six separate occasions. The PSR also reveals that Walker, Reyna, and Donald Ray Lampkin were observed unloading trash from Walker's vehicle at a mini-storage complex where 11 gallons of phenylacetone were discovered in a storage unit rented to Reyna.[1] Although Walker objected to this finding prior to sentencing, the probation officer's response indicates that a witness had positively identified Walker as one of the individuals with Reyna and that Walker was listed on the lease as one of the persons having access to the storage unit rented by Reyna. The record indicates that the necessary witness was prepared to testify at sentencing.

Using the version of the sentencing guidelines in effect on June 15, 1988, the probation officer converted the methamphetamine and phenylacetone to equivalent amounts of cocaine to determine the appropriate base offense level. The calculations produced a 442 gram weight equivalent for the methamphetamine and a 15,375 gram weight equivalent for the phenylacetone. Based on these quantities, a two-level increase for obstruction of justice, and Walker's criminal history, the PSR proposed a guideline sentencing range of 235 to 293 months. The maximum penalty allowed by the relevant offense statute was 240 months. Walker filed numerous objections to the PSR.

Prior to the sentencing hearing on May 24, 1991, the government offered not to use the amounts of phenylacetone at

---

[1]According to the PSR, a chemist employed by the DEA estimated that 11 gallons of phenylacetone would produce approximately 37 kilograms of methamphetamine.

sentencing if Walker agreed to stipulate to the amounts of methamphetamine involved and drop his objections to the PSR. Walker concedes on appeal that his attorney presented this offer to him immediately before the sentencing hearing and that he agreed to the proposal.

At the sentencing hearing, the parties stipulated that the amount of methamphetamine to be considered in sentencing was between 400 and 700 grams and that that amount resulted in a base offense level of 28. The parties also stipulated that this change resulted in a lower guidelines sentencing range of 121 to 151 months imprisonment. At the judge's questioning, Walker expressed his agreement with the amount of drugs involved. The district court sentenced Walker to 144 months imprisonment.

Subsequently, it was discovered that the 1990 edition of the sentencing guidelines was used at sentencing. Walker filed an unopposed motion to correct his sentence using the guidelines in effect at the time of the offense, 1988. Because the 1988 guidelines resulted in a more favorable sentencing range of 97 to 121 months, the motion was granted and Walker was given a corrected sentence of 121 months. Walker also filed a second motion to correct sentence, apparently without stating a factual or legal basis. This motion was denied, and the denial was upheld on appeal.

On April 4, 1994, Walker filed the instant motion to vacate, or correct his sentence under 28 U.S.C. § 2255. Walker contended that the amount of methamphetamine used in sentencing was incorrect

3

and was not supported by the lab reports.[2] In addition, Walker contended that his agreement with the incorrect amount was a result of ineffective assistance of counsel. The magistrate judge recommended that the motion be dismissed with prejudice and the relief sought denied. The district judge adopted the magistrate's findings and recommendations and dismissed Walker's motion with prejudice without an evidentiary hearing. This appeal followed. On appeal, Walker claims that his agreement with the stipulation at sentencing and the alleged incorrect sentence are the result of ineffective assistance of counsel.

## II. DISCUSSION

This Court has noted repeatedly that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Acklen,* 47 F.3d 739, 741 (5th Cir.1995). "Because a challenge under section 2255 "may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing "both "cause" for his procedural default and "actual prejudice" resulting from the error.' " *Id.* at 741-42 (quoting *United States v. Shaid,* 937 F.2d 228, 231-32 (5th Cir.1991) (en banc), *cert. denied,* 502 U.S. 1076,

---

[2] Walker points out that the lab reports reflect a gross weight of 454 grams methamphetamine which included the weight of a plastic cup, plastic bags, and paper towels. The correct amount of methamphetamine, Walker asserts, is the 221 gram net weight reported in the PSR.

4

112 S.Ct. 978, 117 L.Ed.2d 141 (1992)).

A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255. However, a defendant's claim of ineffective assistance of counsel does give rise to a constitutional issue. In addition, absent unusual circumstances, ineffective assistance of counsel, if shown, is sufficient to establish the cause and prejudice necessary to overcome a procedural default. *Acklen,* 47 F.3d at 742.

To establish ineffective assistance of counsel, Walker must allege and prove that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "An attorney's performance, which enjoys a strong presumption of adequacy, is deficient if it is objectively unreasonable." *Acklen,* 47 F.3d at 742. "With respect to prejudice in the context of noncapital sentencing, the habeas court must determine whether there is a probability that but for counsel's deficiency, the defendant's sentence would have been significantly less harsh." *Id.* Walker was not given an opportunity to establish his ineffective assistance claim at an evidentiary hearing. However, if on this record we can conclude as a matter of law that Walker cannot establish one or both of the elements necessary to establish his constitutional claim, then an evidentiary hearing is not necessary and we may affirm. *Acklen,* 47 F.3d at 743-44.

The record indicates that defense counsel agreed to stipulate

5

to the amount of methamphetamine proposed by the government because possession of a large quantity of phenylacetone also could have been considered in sentencing. Considering the sentencing range proposed by the PSR, defense counsel's agreement to the stipulation was objectively reasonable. In addition, the prejudice Walker claims to have suffered rests solely on the calculation of his base offense level as it relates to the alleged amount of methamphetamine. Walker is unable to show that he suffered any prejudice when we consider the relevant conduct eliminated by stipulation. If the phenylacetone possessed by Walker and his codefendants had been considered at sentencing, Walker's term of imprisonment could have been double the term finally imposed. Under the circumstances, we hold, as a matter of law, that Walker could not establish ineffective assistance of counsel, and that, therefore, an evidentiary hearing was not necessary.

## III. CONCLUSION

For the reasons given above, the judgment of the district court dismissing Walker's 2255 motion with prejudice is AFFIRMED.