United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-21135
_____

UNITED STATES OF AMERICA

                            Plaintiff - Appellee

v.

SERGIO ALANIS, also known as Sergio Alaniz, also known as La
Paca

                            Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
No. H-97-CR-153-9
_____

Before KING, Chief Judge, and JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

     Sergio Alanis, a federal prisoner, appeals the district

court's dismissal of his § 2255 motion.  He attacks his

convictions and sentences on several grounds, including

ineffective assistance of counsel, prosecutorial misconduct, and

violations of Apprendi v. New Jersey, 530 U.S. 466 (2000).  We

affirm in part, vacate in part, and remand to the district court

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

for further factual development on Alanis's ineffective-assistance-of-trial-counsel claim.

## I. Background

In February 1999, a federal jury convicted Sergio Alanis of (1) conducting a continuing criminal enterprise ("CCE"), (2) two counts of aiding and abetting possession with intent to distribute marijuana, (3) money laundering, and (4) conspiracy to launder money. Later that spring, the district court sentenced him to, inter alia, 240 months in prison on each count and ordered that the sentences be served concurrently. In September 2001, after unsuccessfully appealing his convictions, Alanis filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied Alanis's § 2255 motion without holding a hearing on any of his claims.

Following the district court's refusal to grant Alanis a certificate of appealability (a "COA"), we granted Alanis a COA regarding the following issues: (1) whether his trial counsel rendered ineffective assistance by failing to file a motion to suppress the evidence obtained during the warrantless search of Alanis's house in light of David Pena-Garcia's affidavit regarding that search; (2) whether his trial counsel's alleged ineffectiveness concerning the Fourth Amendment claim suffices to overcome Alanis's procedural default on that claim; (3) whether the sworn affidavit from Jose Garcia is newly discovered evidence

2

that proves that the prosecution knowingly used perjured testimony at Alanis's trial; (4) whether the district court should have conducted an evidentiary hearing to consider whether the prosecution knowingly used perjured testimony at Alanis's trial; (5) whether Alanis's convictions for aiding and abetting possession with intent to distribute marijuana are invalid under Apprendi because a drug quantity was not alleged in the indictment or submitted to the jury; and (6) whether his appellate counsel was ineffective for failing to raise the Apprendi issue on direct appeal.

## II. Standard of Review

When considering a district court's denial of a § 2255 motion, we review factual findings for clear error and conclusions of law de novo. See United States v. Stricklin, 290 F.3d 748, 750 (5th Cir. 2002). A district court's conclusions regarding a claim of ineffective assistance of counsel involve mixed questions of law and fact, which we review de novo. See United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002). Further, we review for abuse of discretion the district court's decision not to hold a hearing. See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

## III. Discussion

**A. Trial Counsel's Failure to Pursue the Fourth Amendment Claim**

3

We granted a COA regarding whether Alanis's trial counsel rendered ineffective assistance by failing to file a motion to suppress the evidence obtained during the warrantless search of Alanis's house in light of David Pena-Garcia's affidavit regarding that search.[1]  To obtain relief on his ineffective-assistance-of-counsel claim, Alanis must show both that his counsel's performance was deficient (i.e., that it "fell below an objective standard of reasonableness") and that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Regarding the first prong, we must be "highly deferential" when evaluating counsel's performance; a strong presumption exists that the representation was reasonable.  Id. at 689.  "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Id. (citation and internal quotation marks omitted).  If Alanis shows that his

---

[1]     Alanis contended on direct appeal that his trial counsel rendered constitutionally ineffective assistance.  We declined to consider the claim, citing the general rule "that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations."  United States v. Alanis, No. 99-20153, slip op. at 4 (5th Cir. Sept. 25, 2000) (per curiam) (citing United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992)); cf. Massaro v. United States,  123 S. Ct. 1690, 1696 (2003) (holding "that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255").

4

counsel's performance was deficient, he then must demonstrate prejudice.  See id. at 691, 693-94.  To do so, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  Further, the Supreme Court has refined the prejudice inquiry in the context of ineffective-assistance claims based on counsel's failure to file a motion to suppress:

> Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.

Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

At trial, a police officer testified that Pena-Garcia, Alanis's father-in-law, informed the officer that he was in control of Alanis's residence and verbally consented to a search of the premises, during which officers seized $40,970 in currency.  But, when Alanis filed his § 2255 motion in the district court, Alanis submitted a sworn, post-conviction affidavit from Pena-Garcia stating that he neither consented to the search nor informed the officer that he was in control of the premises.  Alanis contends that his trial counsel rendered ineffective assistance because the lawyer failed to file a motion

5

to suppress the evidence obtained during the warrantless search of Alanis's house.  He further asserts that his trial counsel was ineffective for failing to investigate the validity of that warrantless search.

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."  United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).  Although Alanis fails to allege specifically that Pena-Garcia was willing to testify on behalf of Alanis during a suppression hearing, we liberally construe the pleadings of those who proceed pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Alanis's brief does assert that his trial counsel's decision not to file a suppression motion could not have been the product of either a considered trial strategy or a reasonable investigation.  According to Alanis, a non-deficient lawyer would have explored the circumstances surrounding the search, since it was conducted without a warrant and the individual who allegedly consented to the search (Pena-Garcia) refused to sign a written consent form.  Moreover, both Alanis and Pena-Garcia allege that the search of Alanis's house was conducted without consent, and the record does not indicate that Pena-Garcia would have testified otherwise if called for a suppression hearing.

6

The district court concluded, however, that Alanis had not satisfied either prong of the Strickland test. First, defense counsel's performance was not deficient, according to the district court, since——considering the officer's testimony that Pena-Garcia consented to the search and the substantial evidence of money laundering——the decision not to file a motion to suppress "can reasonably be attributed to trial strategy." Second, the court, assuming for the sake of argument that counsel's performance fell below an objective standard of reasonableness, also concluded that Alanis had not shown that counsel's failure to move to suppress the currency prejudiced his defense. In the district court's view, Alanis failed to prove that he would have been found not guilty of money laundering, since the government introduced substantial evidence at trial regarding the money-laundering count.[2] The district court's

---

[2] But the district court failed to consider that the count of money laundering with which Alanis was charged and convicted accused him of laundering the very currency found during the now-disputed search. Specifically, count nine of the second superceding indictment states the following:

> On or about January 26, 1994, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court,
> **SERGIO ALANI[S], a/k/a Sergio Alaniz and La Paca,** defendant herein . . . did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the transfer, delivery or other disposition of U.S. Currency, which involved the proceeds of a specified unlawful activity, namely, a violation of Title 21, United States Code, Sections 841, 846 and 848, with the intent to promote the carrying on of said specified unlawful

7

opinion does not explicitly consider whether Alanis is entitled to a hearing on this Sixth Amendment claim.

A § 2255 motion "can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." Bartholomew, 974 F.2d at 41; accord Friedman v. United States, 588 F.2d 1010, 1014-15 (5th Cir. 1979); see also 28 U.S.C. § 2255 (2000). See generally Machibroda v. United States, 368 U.S. 487, 494-96 (1962). The determination of whether to conduct a hearing on a § 2255 motion involves two steps. See Friedman, 588 F.2d at 1015. First, the court examines whether the record conclusively negates the factual predicates asserted in support of the motion. Id. If not, the court next determines whether the movant would be entitled to relief if his factual allegations are true. Id. If he would be entitled to relief, then the district court must conduct a hearing to ascertain the validity of the movant's factual assertions. On the state of this record, we conclude

---

activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that <u>the property involved in the financial transaction, that is, funds, amounting to approximately $40,970.00,</u> represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 2, 1956(a)(1)(A)(i) and 1956(a)(1)((B)(i).
(emphasis added).

that further factual development is required (which may include a hearing) regarding Alanis's ineffective-assistance-of-trial-counsel claim.

Regarding the first step in the <u>Friedman</u> analysis, we find that the record does not conclusively negate Alanis's allegation that his counsel's decision not to file a motion to suppress was the product of the lawyer's failure to conduct a reasonable investigation into the circumstances surrounding the search. While "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." <u>Strickland</u>, 466 U.S. at 690-91. In rejecting Alanis's claim, the district court determined that defense counsel's failure to file a motion to suppress was based on sound trial strategy. But the basis for this conclusion is not readily apparent from the record. If the testimony of the officer conducting the search were uncontroverted, the district court's conclusion would certainly be warranted. But the district court failed to address (1) the conflict between Pena-Garcia's affidavit and the officer's testimony, (2) whether that conflict existed before trial, or (3) whether trial counsel was aware of, or should have been aware of, the existence of that conflict.

9

Thus, we know little about what, if any, investigation Alanis's trial counsel took before deciding not to file a motion to suppress the seized currency, and thus, we cannot say that the record conclusively negates Alanis's factual allegations.

Additionally, the record does not conclusively negate Pena-Garcia's allegation that he did not consent to the search. The affidavit conflicts with the officer's trial testimony. Consequently, further factual development is required to determine who is telling the truth. See Friedman, 588 F.2d at 1015 (stating "that contested fact issues in § 2255 cases cannot be resolved on the basis of affidavits"); see also Taylor v. United States, 287 F.3d 658, 660 (7th Cir. 2002) (stating, in the context of a § 2255 motion, that "if the record contains an evidentiary conflict on a material issue of fact, a judge must hold an evidentiary hearing to decide who is telling the truth"). The resolution of this factual question will determine the validity of Alanis's Fourth Amendment claim, which is an element of the Strickland prejudice inquiry in these circumstances.

We now turn to the second step of the Friedman analysis—whether Alanis's factual allegations would entitle him to relief if true. The government relies on United States v. Chavez-Valencia, 116 F.3d 127, 134 (5th Cir. 1997), to support the district court's assertion that Alanis's claim is facially invalid because he "fails to demonstrate that [his lawyer's]

10

election not to file a motion to suppress was not based on a conscious or informed trial tactic." But the defendant in Chavez-Valencia attempted to raise his ineffective-assistance-of-counsel claim on direct appeal. See id. at 128. Because the record was not sufficiently developed to allow us to review the claim, we denied it without prejudice to collateral review, stating that "[w]ithout knowing the reason for failing to file a pretrial motion, this court is not positioned to review the competency of representation Chavez received." Id. at 134. We are in a similar position here. While we recognize "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy," Strickland, 466 U.S. at 689 (internal quotation marks omitted), we also note that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," id. at 691. Again, at this stage, we do not know what investigation Alanis's trial counsel conducted regarding whether to file a motion to suppress the currency. Thus, we cannot, without the benefit of further factual development, agree that the attorney's performance was not deficient.

In addition, Alanis's attack on his conviction for money laundering cannot be rejected on the prejudice prong of Strickland. If it is determined that Pena-Garcia did not consent to the search, exclusion of the currency would be appropriate,

11

since the officers who searched Alanis's residence did not obtain a warrant. Further, Alanis was convicted of laundering the very currency found during the now-disputed search of his residence.[3] A reasonable probability therefore exists that the suppression of that currency would have prevented Alanis's conviction for laundering it.[4] Consequently, if Alanis's assertion that his trial counsel failed to conduct a reasonable investigation before deciding not to file a motion to suppress the currency proves true, he will be entitled to relief.

Considering Pena-Garcia's affidavit, we cannot conclude that Alanis's "§ 2255 motion, together with the files and records of the case, conclusively show that under no circumstances would [Alanis] be entitled to relief" from his conviction for money laundering. Friedman, 588 F.2d at 1017. As we stated in Friedman,

> We do not, of course, pretend to prejudge this . . . issue . . . . Nor do we predict or intimate the legal consequences of any findings or holdings on the matter[] remanded for further hearing. The point is that

---

[3]    See supra note 2.

[4]    Alanis also contends that the admission of the currency significantly influenced the results concerning his other counts of conviction. The district court did not explicitly find that Alanis had failed to satisfy Strickland's prejudice requirement regarding his convictions on the other counts. Nevertheless, our review of the record reveals that substantial evidence, besides the seized currency, supports the other counts of conviction. Accordingly, we affirm the district court's rejection of Alanis's Sixth Amendment claim insofar as it relates to his other counts of conviction.

12

> we do not know, nor does the District Court know, whether [Defendant]'s allegations are indeed true and whether, as a consequence, he was unconstitutionally deprived of . . . effective assistance of counsel when he was convicted and sentenced.

Id. Accordingly, we remand for further factual development on this claim.

## B.  Unconstitutional Search and Seizure

In his § 2255 motion, Alanis contends that his conviction was obtained through the use of evidence (namely, the currency discussed above) seized during an unconstitutional search. Because Alanis raised this claim for the first time in his § 2255 motion, his claim is procedurally barred unless he can show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (en banc). "[A]bsent unusual circumstances, ineffective assistance of counsel, if shown, is sufficient to establish the cause and prejudice necessary to overcome a procedural default." United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995). Thus, we granted a COA concerning whether Alanis's trial counsel's alleged ineffectiveness constitutes both cause for Alanis's failure to challenge the search and seizure during his criminal proceedings and actual prejudice due to counsel's alleged error.

Even if he can show ineffective assistance and thereby overcome the procedural bar, Alanis's Fourth Amendment claim

13

probably is not cognizable in this § 2255 proceeding.  The

Supreme Court held in Stone v. Powell, 428 U.S. 465, 494-95 &

n.37 (1976), that state prisoners collaterally attacking their

convictions under § 2254 cannot obtain relief for violations of

the Fourth Amendment exclusionary rule when the prisoner was

provided a full and fair opportunity to litigate the Fourth

Amendment issue in the state courts.  Interpreting the "full-and-

fair-opportunity" requirement in the § 2254 context, we have

stated that when a defendant fails to raise his Fourth Amendment

claim at trial (as occurred here), then Stone precludes habeas

relief on Fourth Amendment grounds, even though no state hearing

was held on the claim.  See Caver v. Alabama, 577 F.2d 1188, 1192

(5th Cir. 1978) ("An 'opportunity for full and fair litigation'

means just that: an opportunity.  If a state provides the

processes whereby a defendant can obtain full and fair litigation

of a fourth amendment claim, Stone v. Powell bars federal habeas

corpus consideration of that claim whether or not the defendant

employs those processes.").[5]  We have also held that the Stone

rule can be raised by a court sua sponte.  See Davis v.

Blackburn, 803 F.2d 1371, 1372-73 (5th Cir. 1986) ("[W]e are

obliged to apply Stone as a prudential limitation on the exercise

of our jurisdiction . . . , even if it must be raised sua

---

[5]     Alanis fails to allege that the district court would
not have provided a full and fair opportunity for him to litigate
his Fourth Amendment claim had he raised it.

14

sponte.""). Thus, it would appear that the government's failure to assert the <u>Stone</u> bar does not prevent us from applying it to Alanis's claim. But the applicability of <u>Stone</u> in § 2255 proceedings is somewhat unclear. While the Supreme Court has not definitively resolved the question, dicta in <u>United States v. Johnson</u>, 457 U.S. 537, 562 n.20 (1982), indicates that the doctrine does apply here.[6]

In light of our disposition of the ineffective-assistance-of-trial-counsel claim, however, we do not need either to consider the merits of Alanis's Fourth Amendment claim or to decide whether <u>Stone</u> would preclude it. If the district court determines that Alanis's trial counsel rendered constitutionally ineffective assistance due to the lawyer's failure to file a motion to suppress, Alanis will have satisfied the cause-and-prejudice standard, <u>see</u> <u>Walker</u>, 68 F.3d at 934, which would allow him to pursue his Fourth Amendment claim. In other words, Alanis's Fourth Amendment claim is procedurally barred unless he first succeeds on his Sixth Amendment claim. Further, if he succeeds on his Sixth Amendment claim, he will have established the validity of his Fourth Amendment claim because the merits of his Fourth Amendment claim are an element of his ineffective-

---

[6] Regardless whether the rule precludes his Fourth Amendment claim, <u>Stone</u> does not bar Alanis's Sixth Amendment claim that his trial counsel's failure to file a motion to suppress the currency amounted to constitutionally ineffective assistance. <u>See</u> <u>Kimmelman</u>, 477 U.S. at 382-83.

15

assistance-of-trial-counsel claim.  See Kimmelman, 477 U.S. at 375, 382.[7]  Finally, the relief sought in Alanis's Fourth Amendment claim is identical to the relief sought in his ineffective-assistance-of-trial-counsel claim.  Accordingly, since (1) Alanis cannot pursue his Fourth Amendment claim unless he prevails on his Sixth Amendment claim[8] and (2) if he prevails on his Sixth Amendment claim he will be entitled to all relief that would be available to him if he succeeded on his Fourth Amendment claim, we need not concern ourselves further with Alanis's Fourth Amendment claim.

## C.    Prosecutorial Misconduct

Alanis contends that the government prosecutor knowingly elicited false trial testimony from government witness Jose Garcia.  He attached to his § 2255 motion a sworn, post-conviction affidavit from Jose Garcia supporting his assertion.  Due process is violated when the prosecution knowingly offers false testimony to obtain a conviction and fails to correct such testimony.  Tucker v. Johnson, 242 F.3d 617, 625-26 (5th Cir.

---

[7]    Note also that if Alanis can show——as required by Strickland——that there is a reasonable probability that, but for counsel's failure to file a motion to suppress, he would not have been convicted on one or more of the counts, he will have conclusively shown that the admission of the currency was not harmless regarding such count(s).  See Kyles v. Whitley, 514 U.S. 419, 435-36 (1995).

[8]    Even then, Stone probably precludes Alanis from litigating his Fourth Amendment exclusionary-rule claim in this § 2255 proceeding.

16

2001); see also Burton v. United States, 237 F.3d 490, 493 (5th Cir. 2000).  To obtain relief, Alanis must prove (1) that the statements in question are false; (2) that the government knew of their falsity; and (3) that the statements were material. Tucker, 242 F.3d at 626.

Because Alanis failed to raise this contention either at trial or on direct appeal, he must first show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  Shaid, 937 F.2d at 232.  If Garcia's affidavit was not available to Alanis until after his direct appeal was decided, this would establish cause for his failure to raise this claim earlier.  See Murray v. Carrier, 477 U.S. 478, 488 (1986) (stating "that a showing that the factual or legal basis for a claim was not reasonably available to counsel" satisfies the cause requirement for overcoming a procedural default).  Whether Alanis can establish actual prejudice will depend on the validity of his prosecutorial-misconduct claim, for the Supreme Court has treated the materiality element of such a claim "as coterminous with the 'prejudice' prong of the procedural default doctrine." 2 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 26.3c, at 1221-22 (4th ed. 2001) (citing cases).

Alanis's assertion that the government knowingly elicited false testimony was one of several allegations of government misconduct presented in his § 2255 motion.  In its opinion, the

17

district court did not mention the affidavit from Garcia. Nevertheless, the court rejected Alanis's government-misconduct claim in its entirety, stating that the claim was unsupported and procedurally barred. Thus, it implicitly concluded that each of Alanis's allegations of misconduct lacks merit. We affirm the district court's ruling on this issue because we find that, even if Alanis's allegations concerning the Garcia affidavit are true, Alanis would not be entitled to relief. This is because, as the government shows in its brief, Garcia's testimony was not material.

Garcia's testimony was relevant to the CCE count and one of the counts for aiding and abetting possession with intent to distribute marijuana (i.e., the count charging Alanis with aiding and abetting the possession with intent to distribute marijuana on or about November 14, 1996, which was one of the predicate acts that formed the basis of his CCE conviction). On November 14, 1996, Texas state troopers arrested Garcia, who was driving a truck loaded with 597 pounds of marijuana. Garcia testified at trial that Alanis hired him to drive the truck containing the marijuana. In his subsequent affidavit, however, Garcia stated that, when he testified at trial, he knew nothing about Alanis's involvement with the shipment of marijuana. Instead, Garcia asserted in the affidavit that the prosecutor instructed him to implicate Alanis and that Garcia did so in return for leniency.

18

Perjured testimony is material "if there is any <u>reasonable</u> likelihood that the false testimony could have affected the judgment of the jury." <u>Creel v. Johnson</u>, 162 F.3d 385, 391 (5th Cir. 1998) (citations and internal quotation marks omitted). Garcia's allegedly false trial testimony concerning Alanis's involvement with the November 1996 shipment of marijuana is not material because at trial the government introduced substantial additional evidence connecting Alanis both to the shipment and to Garcia. For example, at trial, an FBI agent testified about several electronically intercepted telephone conversations between Garcia and Alanis during which the two men discussed the November 1996 shipment of drugs. Moreover, in his closing argument, the prosecutor did not once mention Garcia's testimony in connection with the November 1996 aiding and abetting possession with intent to distribute count.[9] Accordingly, because Garcia's allegedly false testimony was not material to the jury's verdicts, we affirm the district court's judgment regarding Alanis's prosecutorial misconduct claim.[10]

## D. <u>Apprendi</u> Violation and Ineffective Assistance of Counsel on Appeal

---

[9] And he only referenced Garcia's testimony twice, briefly, in discussing the CCE count.

[10] As we find that Alanis's prosecutorial misconduct allegation is without merit, we consequently reject Alanis's contention that he should be allowed an evidentiary hearing on this issue.

19

We also granted a COA regarding Alanis's contention that his convictions for aiding and abetting possession with intent to distribute marijuana are invalid under Apprendi v. New Jersey, 530 U.S. 466 (2000), because a drug quantity was not alleged in the indictment or submitted to the jury.[11]  Because Apprendi was issued approximately three months before Alanis's direct appeal was decided, the decision was applicable to Alanis's judgment of conviction.  See Griffith v. Kentucky, 479 U.S. 314, 328 (1987) (holding that new rules are retroactively applicable to cases "pending on direct review or not yet final").  But, as this issue is raised for the first time in his § 2255 motion, Alanis is required to show both cause and prejudice for failing to raise this contention on direct appeal.  See Shaid, 937 F.2d at 232. Although the government's brief to this court does not mention Alanis's procedural default regarding the Apprendi issue, we can raise the issue sua sponte because Alanis was given a reasonable opportunity to argue against imposition of the bar in district court.[12]  See United States v. Willis, 273 F.3d 592, 596-97 (5th Cir. 2001).

---

[11]  In Apprendi, the Supreme Court held that due process requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.

[12]  In its motion to dismiss, the government asserted that Alanis had defaulted on his Apprendi claim.

Alanis contended in district court that his appellate counsel was ineffective for failing to raise the Apprendi issue on direct appeal and that such ineffectiveness overcomes the procedural bar.[13]  The Strickland standard also applies to the effectiveness of appellate counsel.  See Teague v. Scott, 60 F.3d 1167, 1173-74 (5th Cir. 1995).  Alanis was sentenced on the CCE count to a concurrent sentence of equal length to the sentences challenged under Apprendi, and we have rejected each of Alanis's attacks on his CCE conviction and sentence.  Consequently, he cannot show prejudice under Strickland.  See United States v. Tolliver, 61 F.3d 1189, 1223 & n.54 (5th Cir. 1995) (holding that "dual sentencing is of no real consequence," and thus is not prejudicial under Strickland, when a defendant is serving a life sentence on an unchallenged count of conviction), vacated on other grounds sub. nom., Sterling v. United States, 516 U.S. 1105 (1996).  Alanis's claim of ineffective-assistance-of-appellate-counsel therefore fails, and thus, his Apprendi challenge is procedurally barred.

## IV. Conclusion

Accordingly, we VACATE the district court's judgment insofar as it denied relief on Alanis's claim of ineffective assistance of trial counsel regarding counsel's alleged failure to investigate and to challenge the warrantless search and REMAND

---

[13]    Thus, we granted him a COA on this issue as well.

this case to the district court for further factual development concerning that claim.  The district court's judgment regarding Alanis's remaining claims is AFFIRMED.

AFFIRMED IN PART; VACATED and REMANDED IN PART.