# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 9, 2009

Charles R. Fulbruge III
Clerk

No. 07-10477
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT A MACKAY, also known as Bob Mackay, also known as Fatman, also known as Fat Boy

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-413
USDC No. 3:97-CR-208-1

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Robert A. Mackay, federal prisoner # 03473-063, appeals the district court's denial of the 28 U.S.C. § 2255 motion challenging his guilty plea conviction and sentence for conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana. We granted a certificate of appealability as to whether Mackay's guilty plea was valid in light

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the alleged ineffective assistance of counsel that he received regarding his sentencing exposure and whether the district court abused its discretion by deciding this issue without conducting an evidentiary hearing.

To establish that his attorney performed ineffectively, Mackay must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficiency, he must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To show prejudice in the context of a guilty plea, Mackay must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). However, a prisoner's allegation that he would not have pleaded guilty must be reasonable. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994). A failure to establish either deficient performance or prejudice defeats the claim. *Strickland*, 466 U.S. at 697.

After assuming *arguendo* that counsel had provided deficient performance with respect to advising Mackay of his sentencing exposure for pleading guilty., however, the district court held that Mackay had not established prejudice because he had not shown that there was a reasonable probability that, at the time of his plea, he would have proceeded to trial in the absence of the allegedly erroneous advice of counsel. Mackay, who is represented by counsel, only argues generally that his affidavit, his counsel's affidavit, and the remarks each made at sentencing show that he would not have proceeded to trial had he not been assured that he would receive a sentence of 121 to 151 months of imprisonment.

Mackay has provided no direct evidence that he would not have pleaded guilty if he had known that his sentence was not limited in this manner by his plea. Rather, the evidence in the record supports the contrary conclusion. The

2

language of the plea agreement is clear that no representations or promises were made as to the sentence to be imposed. Additionally, he was admonished at rearraignment that sentence could be imposed from ten years to life imprisonment, and he responded negatively to the court's specific inquiry whether anyone had made promises to him as to the sentence that would be imposed. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (holding there is a strong presumption of verity for solemn declarations in court). Moreover, despite vigorously pursuing a motion to withdraw his guilty plea based on an alleged breach of the plea agreement with respect to forfeited property, Mackay failed to challenge the alleged breach with respect to sentencing exposure despite the fact that the PSR listed the applicable guidelines range as 360 months to life imprisonment. Although this failure could be attributed to counsel, Mackay's own comments at sentencing fail to show that the government had promised him a 10-year sentence. Accordingly, Mackay has not shown that the district court erred in denying his ineffective assistance claim. *See Strickland*, 466 U.S. at 697; *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987).

In light of the bulk of the evidence, Mackay's generalized assertions that he would have proceeded to trial are insufficient to establish that the district court abused its discretion by declining to conduct an evidentiary hearing on the validity of the plea. *See Cervantes*, 132 F.3d at 1110; *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

AFFIRMED.