# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2012

Lyle W. Cayce
Clerk

No. 11-60427
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN DEWAYNE WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:10-CV-34

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kevin Dewayne Williams, federal prisoner # 93929-022, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction for attempting to commit extortion affecting interstate commerce in violation of 18 U.S.C. § 1951. A judge of this court granted Williams a certificate of appealability on the issue whether Williams was entitled to an evidentiary hearing on his claim that his trial counsel rendered ineffective assistance in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

informing him prior to his guilty plea that his sentencing guidelines range of imprisonment would be about 15 to 21 months.

To establish that his attorney performed ineffectively, Williams must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To show prejudice in the context of a guilty plea, Williams must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  A prisoner's allegation that he would not have pleaded guilty must be reasonable. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).  A failure to establish either deficient performance or prejudice defeats the claim.  *Strickland*, 466 U.S. at 697.

The district court should conduct an evidentiary hearing only if the defendant produces "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (internal quotation marks omitted).  "Once such independent evidence is presented, '[a] motion brought under . . . § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008).  This court reviews the denial of a § 2255 motion without an evidentiary hearing for abuse of discretion. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Assuming, *arguendo*, that trial counsel provided ineffective assistance in misadvising Williams of his sentencing exposure, the district court correctly determined that Williams had not demonstrated a reasonable probability that but for the misadvice, he would have gone to trial. As the district court explained, the evidence against Williams was strong and his entrapment defense was not viable. Even if arguably misadvised about his potential sentencing range, Williams was aware that he faced a potential 20-year sentence and that the government was requesting sentencing enhancements that would (and did)

markedly increase his guideline range. Thus informed, Williams opted to plead guilty, knowing that doing so would give him the benefit of a 2-level reduction in base offense level and might result in a below-guidelines sentence. Because the record does not support the defendant's generalized assertion that his plea was involuntary, he has not demonstrated that the district court abused its discretion in denying this claim without conducting an evidentiary hearing. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995); *United States v. Mackay*, 339 F. App'x 367, 369 (5th Cir. 2009) (per curiam).

The judgment of the district court is AFFIRMED.